**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joel GARCIA–GONZALEZ,
Defendant–Appellant.**

No. 03–40812.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2003.

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Marjorie A. Meyers, Assistant Federal Public Defender, Jose I. Gonzalez–Falla, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Joel Garcia–Gonzalez appeals his sentence following his guilty plea conviction

---

for being found in the United States, without permission, subsequent to deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Garcia–Gonzalez argues that the district court erred by enhancing his base offense level sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii), based on a determination that his prior conviction for transporting an unlawful alien was an alien smuggling offense committed for profit.

In *United States v. Solis–Campozano,* 312 F.3d 164, 167–68 (5th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1811, 155 L.Ed.2d 689 (2003), this court held that the term "alien smuggling offense," as used in U.S.S.G. § 2L1.2(b)(1)(A) includes the offense of transporting aliens within the United States. Accordingly, the district court did not err in sentencing Garcia–Gonzalez under that guideline. Garcia–Gonzalez concedes that his argument is foreclosed by *Solis–Campozano.* He raises the issue solely to preserve it for possible further review.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED. The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.